## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BARBARA SUE DANIELS, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: |
| ) | |
| v. ) | |
| ) | COMPLAINT |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Barbara Sue Daniels, by and through her undersigned attorneys, brings this action for her personal injury and shows the Court as follows:

## PRELIMINARY STATEMENT

This is the personal injury case of Barbara Sue Daniels stemming from a United States Postal Service (hereinafter "USPS") vehicle which, while being driven in reverse by a USPS employee, struck Ms. Daniels, knocked her to the pavement as she walked on her street, and caused serious injury to her person. Plaintiff contends Defendant's employee driver operated the vehicle negligently, failed to maintain a proper lookout, and is at fault for Ms. Daniels' injuries. If Defendant's employee driver had adhered to USPS's own safety protocol regarding backing up, the injuries to Ms. Daniel would have been avoided.

1

The USPS employee driver neglected to aid or assist the victim, did not immediately call 911, and lied to law enforcement denying she had struck Ms. Daniels. A residential security camera revealed the USPS vehicle did, in fact, knock Ms. Daniels to the pavement while she was walking. The USPS employee driver was arrested and charged with improper backing, failure to exercise due care, and giving false statements.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked under the 1946 Federal Tort Claims Act 28 U.S.C.§ 2671, et seq. (hereinafter "FTCA").

2. Barbara Sue Daniels is a resident of Cherokee County, Georgia, and was so at the time of this incident.

3. The USPS is an independent establishment of the executive branch of Defendant United States of America. 39 U.S.C. § 201. The USPS is within the FTCA.

4. At the time of this incident, Defendant's employee driver was assigned to and supervised by the United States Post Office, Woodstock Post Office, located at 225 Parkway 575, Woodstock, Cherokee County, Georgia 30188.

5. The United States of America may be served with process as follows: Ryan K. Buchanan, U.S. Attorney for the Northern District of Georgia, United States

Attorney's office, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Suite 600, Atlanta, GA 30303.

6. Pursuant to Fed. R. Civ. P. 4 (i)(1), a copy of the Summons and Complaint has been mailed via certified mail to Merrick B. Garland, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0004.

7. Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1402.

8. Plaintiffs' Administrative Claims were properly and timely presented to the USPS.

9. On September 15, 2021, the undersigned sent by US Certified Mail Return Receipt Requested an Administrative Claim for Damage, Injury or Death (Standard Form 95) as well as correspondence setting forth Plaintiffs demand on behalf of Barbara Daniels to the USPS in accordance with the FTCA for $5,000,000.00. A copy of that Administrative Claim and supporting correspondence has been attached hereto as Exhibit "A" to the Complaint.

10. Plaintiff's Administrative Claim and supporting correspondence were received by the USPS and Defendant's Tort Claim Coordinator, Lillian Marshall, on September 21, 2021. A copy of the Domestic Return Receipt has been attached hereto as Exhibit "B" to the Complaint.

3

11. On October 8, 2021, the LAW DEPARTMENT NATIONAL TORT CENTER for the USPS sent correspondence to the undersigned confirming that the USPS had received the administrative claim of Barbara Daniels and that the USPS had six months from September 20, 2021, in which to adjudicate the claim. A copy of that correspondence has been attached hereto as Exhibit "C" to the Complaint.

12. More than six months have passed Since the filing of the Plaintiffs' Administrative Claim with the USA/USPS.

13. This action is timely filed pursuant to 28 U.S.C.A. § 2675(a).

14. All conditions precedent to the filing of this action have been met.

## GENERAL ALLEGATIONS

15. Plaintiffs incorporate herein by reference all previous paragraphs of this Complaint as if fully set forth herein.

16. This claim is being made against the United States of America.

17. The incident forming the basis of this Complaint occurred on or about Wednesday, March 18, 2020, at approximately 12:56 p.m. on Colemans' Bluff Drive, Woodstock, Georgia 30188.

18. On March 18, 2020, Barbara Sue Daniels was a resident of 145 Coleman's Bluff Drive, Woodstock, Georgia 30188.

19. On March 18, 2020, Jaynie Underwood, an employee and driver for the United States Postal Service, Woodstock Post Office, was operating a United States Postal Service truck and was delivering mail on Colemans' Bluff Drive.

20. At approximately 12:56 p.m., Jaynie Underwood delivered mail to Barbara Sue Daniels' mailbox at 145 Colemans' Bluff Drive.

21. Barbara Sue Daniels retrieved her mail from her mailbox immediately after it was delivered.

22. At the same time, Jaynie Underwood began driving her United States Postal Service truck in reverse without maintaining a proper lookout and struck Ms. Daniels with the truck, knocking her to the pavement.

23. When the truck knocked Ms. Daniels to the pavement, the back of her head hit the pavement, rendering her unconscious and non-responsive, causing her traumatic brain injury, and causing her to hemorrhage from her head, nose and ear.

24. Immediately following the impact, Jayne Underwood stopped the vehicle, got out, and went to the rear of the Postal Service truck where Ms. Daniels laid unconscious on the pavement. Ms. Underwood began shouting, "Oh my God, Ma'am! Ma'am!" and then got back into her Postal Service truck.

25. Jaynie Underwood got out of her Postal Service truck a total of six (6) times while Ms. Daniels laid unconscious on the pavement, but failed to render aid

to Ms. Daniels. Instead, Ms. Underwood gathered Ms. Daniels' mail from the street and put it back into Ms. Daniels' mailbox.

26. Jaynie Underwood reported to her Woodstock Post Office Delivery Supervisor, Dan Hassen, that Ms. Daniels "…fell on her face and bleeding everywhere… she saw the lady fall on her face…." Dan Hassen made the initial call to 911 and reported what Ms. Underwood told him.

27. Jaynie Underwood made a call to 911 and reported "… a lady was behind my vehicle…she's bleeding out of her face…I think she fell."

28. Ms. Underwood failed to report that she had struck Ms. Daniels with her truck.

29. Ms. Underwood was negligent and negligent *per se* in her operation of her USPS truck on the day of the incident.

30. Ms. Underwood's negligence was the sole and proximate cause of Ms. Daniels' injuries, including but not limited to her traumatic brain injury.

31. Ms. Underwood failed to accurately report on the events leading up to and causing Ms. Daniels' injuries and failed to render aid at the scene at the scene of the incident.

32. Ms. Underwood's failure to accurately report on the events and her failure to immediately render aid to Ms. Daniels caused and/or contributed to her injuries.

33. No act or failure to act on the part of any plaintiff caused or contributed to the incident described in this Complaint.

34. No act or failure to act on the part of any third party caused or contributed to the incident described in this Complaint.

35. No act or failure to act on the part of any third party caused or contributed to the injuries suffered by plaintiff as described in this Complaint.

36. No act or failure to act on the part of the plaintiff caused or contributed to her claimed injuries.

37. Plaintiff was an innocent victim of the collision described in this Complaint.

38. The collision described in this Complaint caused plaintiff to suffer injuries, losses, and damages.

39. Ms. Underwood was an employee of the USA/USPS at the time of the collision described in this Complaint.

40. Ms. Underwood was acting in the course and scope of her employment with Defendant USA/USPS at the time of the collision described in this Complaint.

41. Ms. Underwood was an agent of Defendant USA/USPS at the time of the collision described in this Complaint.

42. Ms. Underwood was acting in the course and scope of her agency with Defendant USA/USPS at the time of the collision described in this Complaint.

## COUNT I - NEGLIGENCE

43. Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through forty-two (42) as if fully set forth herein.

44. At all times material hereto, Ms. Underwood and USA/USPS owed Plaintiff a duty to operate her vehicle in an ordinary careful and non-negligent manner and to follow common sense, as well as the laws of the State of Georgia and the rules of the road.

45. While in the course and scope of her employment with the USA/USPS, Ms. Underwood breached those duties and was negligent in at least the following ways:

  a. She failed to keep a proper and diligent lookout while backing;

  b. She did not use her mirrors while backing;

  c. She did not have her mirrors in proper adjustment prior to backing;

  d. She was driving recklessly;

  e. She failed to keep proper control of her vehicle;

  f. She failed to make reasonable and proper observations while driving;

  g. She failed to drive at a reasonable and prudent speed under the conditions;

  h. She failed to take reasonable steps to avoid striking Plaintiff with her vehicle; and

    i. She otherwise failed to act reasonably and prudently as a driver should under the circumstances.

46. As a direct and proximate result of the negligence of Ms. Underwood and USA/USPS, Ms. Daniels suffered extensive damages, including, but not limited to traumatic brain injury, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering personal injury and severe pain and suffering, both physical and emotional.

47. By virtue of the negligence of Ms. Underwood and USA/USPS, Defendant is liable to Ms. Daniels for all damages resulting from that negligence, including, but not limited to traumatic brain injury, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering under a theory of agency and *respondeat superior.*

## COUNT II: NEGLIGENCE PER SE

48. Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through forty-seven (47) above as if fully set forth therein.

49. Ms. Underwood and USPS/USA violated the Georgia statutory rules of the road, including:

    a. O.C.G.A. § 40-6-93 (drivers to exercise due care);

    b. O.C.G.A. § 40-6-122 (starting parked vehicle);

    c. O.C.G.A. § 40-6-240 (limitations on backing);

   d. O.C.G.A. § 40-6-270 (duty in accidents involving personal injury – failure to render aid);

   e. O.C.G.A. § 40-6-390 (reckless driving); and

   f. O.C.G.A. § 40-6-394 (serious injury by vehicle).

50. As a pedestrian, Ms. Daniels fell within the class of persons these laws were intended to protect.

51. Injury resulting from motor vehicle collisions was the harm that these laws were intended to guard against.

52. Ms. Daniels was injured as a direct and proximate result of Ms. Underwood's and USPS/USA's violations of O.C.G.A. §§ 40-6-93, 40-6-122, 40-6-240, 40-6-270, 40-6-390, and 40-6-394.

53. Ms. Underwood's violations of O.C.G.A. §§ 40-6-93, 40-6-122, 40-6-240, 40-6-270, 40-6-390, and 40-6-394 constitute negligence *per se*.

54. As a direct result of the negligence *per se* of Ms. Underwood and USA/USPS, Ms. Daniels suffered extensive damages, including, but not limited to traumatic brain injury, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering personal injury and severe pain and suffering, both physical and emotional.

55. By virtue of the negligence *per se* of Ms. Underwood and USA/USPS, Defendant is liable to Ms. Daniels for all damages resulting from that negligence *per*

*se,* including, but not limited to traumatic brain injury, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering under a theory of agency and *respondeat superior.*

### COUNT III: NEGLIGENT ENTRUSTMENT AND SUPERVISION

56. Plaintiff hereby reasserts and re-alleges the allegations contained in paragraphs one (1) through fifty-five (55) as if fully set forth herein.

57. Defendant USA/USPS was the owner of the truck described in this Complaint.

58. Defendant USA/USPS, as Ms. Underwood's employer, had a duty to supervise Ms. Underwood in a reasonably prudent fashion, as well as a duty not to entrust a motor vehicle to a person who is incompetent to drive by reason of physical or mental condition, or by a known habit of recklessness.

59. On March 18, 2020, Ms. Underwood reported for work and picked up the postal truck that she was driving at the time of the collision.

60. At that time, Defendant USA/USPS negligently entrusted the postal truck to Ms. Underwood.

61. Defendant USA/USPS knew or should have known that Ms. Underwood was not qualified, not properly trained, and/or otherwise not safe to drive.

62. Defendant USA/USPS was otherwise negligent in supervising Ms. Underwood and entrusting Ms. Underwood with a USPS postal delivery truck.

63. As a direct result of Defendant USA/USPS's negligent entrustment and negligent supervision of Ms. Underwood, Ms. Daniels suffered extensive damages, including, but not limited to traumatic brain injury, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering personal injury and severe pain and suffering, both physical and emotional.

64. By virtue of Defendant USA/USPS's negligent entrustment and negligent supervision of Ms. Underwood, Defendant USA/USPS is liable to Ms. Daniels for all of the damages resulting from that negligence, including but not limited to traumatic brain injury, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

(a) That Defendant be served with process;

(b) That Plaintiff, Barbara Daniels, have and recover from Defendant USA an amount shown by the evidence to fully compensate for her injuries, including but not limited to her traumatic brain injury, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering; and

(c) That Plaintiff have such other and further relief to which he may be entitled as determined at the trial of this case.

This 7th day of June, 2022.

Respectfully submitted,

**BARNES LAW GROUP, LLC**

 /s/Roy E. Barnes
Roy E. Barnes
Ga. Bar. No. 039000

 /s/Mark D. Meliski
Mark D. Meliski
Ga. Bar No. 501198

31 Atlanta Street
Marietta, Georgia 30060
Telephone: (770) 227-6375
Facsimile: (770) 227-6373
roy@barneslawgroup.com
meliski@barneslawgroup.com